# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LYNNOTT ROGERS,

    Petitioner,

    v.                                                       Case No. 07-C-0110

GREG GRAMS, Warden Columbia
Correctional Institution,[1]

    Respondent.

## RULE 4 RECOMMENDATION
## TO THE HONORABLE LYNN ADELMAN

Petitioner Lynnott Rogers, who is currently incarcerated at Columbia Correctional Institution (CCI), seeks a writ of habeas corpus pursuant to 28 U.S.C. § § 2254. The petitioner also filed a motion for leave to proceed in forma pauperis. According to the petition, the petitioner was convicted of second degree sexual assault in violation of Wis. Stat. § 940.225(2)(a). It further states that on February 11, 1997, he was sentenced to 15 years imprisonment.

By his petition, the petitioner maintains that he is unconstitutionally being held past his mandatory release date. The petitioner previously filed a petition for a writ of habeas corpus with respect to this same judgment of conviction. That petition filed in the Eastern District of Wisconsin, Case No. 91-C-643, was dismissed with prejudice by decision and order dated February 22, 1993.

---

[1] The court notes that the petitioner has named Judge Hansher, Judge Sykes, Attorney McLinden, State District Attorney HanRaan and County District Attorney Donald Jackson as the respondents in this action. The proper respondent in this action is Mr. Grams, warden at Columbia Correctional Institution where the petitioner is incarcerated. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. As a result, Warden Grams has been substituted as the respondent in this action.

Title 1 of the Antiterrorism and Effective Death Penalty Act of 1996 (Act) made substantial changes to chapter 153 of Title 28, United States Code, which authorizes federal courts to grant a writ of habeas corpus. Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3) creates a "gatekeeping" mechanism for the consideration of second or successive petitions in district court. See Felker v. Turpin, 518 U.S. 651, 657 (1996). Section 2244(b)(3)(A) of Title 28, United States Code, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3) allocates subject-matter jurisdiction to the court of appeals. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

In Nunez, the court of appeals explained that the district court had no other option but to dismiss the petition:

> No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, see McCleskey v. Zant, 499 U.S. 467, 477, 494-95, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing . . .. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."

Id.

The petitioner previously filed a petition for a writ of habeas corpus with respect to this same judgment of conviction. Thus, the petitioner's current petition is a second or successive petition and he is required to move the Court of Appeals for the Seventh Circuit for an order authorizing this court to consider his petition for a writ of habeas corpus. The petitioner has failed to do so.

The petitioner has failed to obtain an order from the Court of Appeals for the Seventh Circuit authorizing his petition. As a result, this court lacks jurisdiction over this petition and has "no option other than to deny the petition." Nunez, 96 F.3d at 991. Accordingly, the court will recommend that the district court enter an order denying the petition for a writ of habeas corpus.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **dismissing** the petitioner's motion for a writ of habeas corpus for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that the United States District Judge enter an order substituting respondent Greg Grams, warden at Columbia Correctional Institution, as the respondent in this action.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 18th day of April, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge