# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LYNNOTT ROGERS,

                Petitioner,

      v.                                   Case No. 07-C-110

GREG GRAMS, Warden,

                Respondent.

## DECISION AND ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE PATRICIA J. GORENCE (DOC. # 8) AND DISMISSING CASE FOR LACK OF JURISDICTION

On February 1, 2007, petitioner, Lynnott Rogers, filed this petition pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody past his mandatory release date in violation of the United States Constitution. On April 18, 2007, the Honorable Magistrate Judge Patricia J. Gorence issued an order recommending that this court dismiss the case for lack of subject matter jurisdiction. In accordance with 28 U.S.C. §636(b)(1)(A) and General Local Rule 72.3, petitioner filed an objection on May 1, 2007. His objection contains only a general statement that he objects to the recommendation to dismiss his case and he fails to state specific grounds upon which he objects or specific errors he believes were made by the magistrate judge. In support of the objection, petitioner attached a decision by the state circuit court denying his petition for writ of certiorari.

The district court reviews magistrate judge's recommendations to which there have been no objections using a clear error or contrary to law standard. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that the court will overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Magistrate Judge Gorence's recommendation is not clearly erroneous and is supported by the record.

Even if this court were to construe petitioner's objection as specific enough to trigger de novo review, there is no reason to come to a different conclusion than Magistrate Judge Gorence. A search of court records indicates that prior to his 2007 habeas petition, Rogers filed two prior petitions for writs of habeas corpus in this court. Rogers filed his first habeas petition in 1991 and the petition was denied by the Honorable Judge John W. Reynolds on February 22, 1993. Rogers's habeas petition was denied based on procedural default.[1] *See* Decision and Order, *Rogers v. State of Wisconsin*, 91-CV-643, Docket Entry #16.

Rogers filed his second habeas petition on April 2, 2002. *See Rogers v. State of Wisconsin*, 02-CV-329, Docket Entry #1. The Honorable Judge[2] J.P. Stadtmueller summarily dismissed the petition for failure to exhaust and procedural default on August 26, 2002. *See* Order, *Rogers v. State of Wisconsin*, 02-CV-329, Docket Entry #5.

28 U.S.C. § 2244(b) states that a claim which was presented or could have been presented in a petitioner's initial habeas petition must be dismissed unless: (1) the claim relies on a new but retroactive rule of constitutional law; or (2) the factual predicate for the claim is newly discovered and would be sufficient to establish that no reasonable factfinder would find the petitioner guilty. *See* 28 U.S.C. §§ 2244(b)(1) and (2). Further, § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The district

---

[1]Judge Reynold's order states that two of Rogers's claims were unintelligible and the remaining five were not properly exhausted, and therefore, had been procedurally defaulted. Although the court recognizes that under Wisconsin law Rogers's ineffective assistance of counsel claims could still be brought in state court by way of a § 974.06 motion or *Knight* petition, this fact makes no real difference as the claims dismissed in 1993 are different than the claim brought in his 2007 petition.

[2]At the time of the filing, Judge Stadtmueller was the Chief Judge for the Eastern District of Wisconsin.

Case 2:07-cv-00110-CNC   Filed 05/24/07   Page 2 of 5   Document 14

court's receipt of the prior authorization order from the court of appeals before consideration of the second or successive habeas petition is not discretionary.

> [AEDPA's] new prior-approval device is self-executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court **must** dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v United States,* 96 F.3d 990, 991 (7th Cir. 1996) (emphasis added). *See also Burton v. Stewart,* ___ U.S. ___, 127 S. Ct. 793, 796 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court."); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005).

In the case at bar, the first question that must be addressed is whether Rogers was correct in bringing his 2007 habeas petition in which he claims he is being held in custody past his mandatory release date under 28 U.S.C. § 2254. Because Rogers is in state custody pursuant to a state court judgment, the court concludes that he brings his claim under the correct statute. *See Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) (stating that "section 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody. The sanction...can be an administrative sanction imposed on him later for misbehavior while in custody pursuant to the state court's judgment.") (internal citations omitted).

Next, the court must determine whether this petition constitutes a second or successive petition subject to the § 2244(b)(3) requirement. To determine this, the court must look at the claims in the new petition and the disposition of the previous petitions.

Case 2:07-cv-00110-CNC   Filed 05/24/07   Page 3 of 5   Document 14

First, although this is a different claim than those Rogers brought in his two previous habeas petitions, it involves custody stemming from the same state court judgment as his other two petitions. Petitions not considered second or successive are those that challenge new or different judgments than the petitioner challenged in the original habeas petition, not different aspects of the same judgment. *See Beyer v. Litscher*, 306 F.3d 504, 507-08 (7th Cir. 2002), *Brannigan v. United States*, 249 F.3d 584, 587-89 (7th Cir. 2001) and *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997).

Second, the disposition of the initial petition is important because "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits...is not a 'second or successive' petition as that term is understood in the habeas corpus context." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). However, a dismissal due to procedural default counts as a decision on the merits. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that petitions "that have been denied based on a procedural default do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment.") (internal citations omitted). Because his original habeas petition was denied because Rogers procedurally defaulted his claims, this court concludes that the dismissal of his initial petition was a decision on the merits.

Therefore, because his previous two habeas petitions were decided and denied on the merits, Rogers is required to receive authorization from the Seventh Circuit Court of Appeals before he can properly initiate this action in the district court. *See* 28 U.S.C. § 2244(b). *See also Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005); *Nunez*, 96 F.3d at 991. However, Rogers gives no indication of having petitioned the Seventh Circuit for permission to file this habeas petition nor does he include a decision from the Seventh Circuit authorizing the petition. Therefore, this court is without jurisdiction to hear the petition.

For the foregoing reasons,

**IT IS ORDERED** that the April 18, 2007, recommendation of Magistrate Judge Patricia J. Gorence is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that any pending motions are **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge